HARRIS, Judge.
A dispute arose concerning attorney’s fees (among other issues) between Tanning Research Laboratories, Inc. (Tanning) and Hawaiian Tropic Proprietary, Ltd. (Tropic) and, pursuant to their license agreement, the matter was submitted to arbitration. The license agreement contained a prevailing party attorney’s fee provision.
The parties agree that the resolution of this dispute is covered by the Florida International Arbitration Act, chapter 684, Florida Statutes.
The arbitration proceedings resulted in a determination that a debt owed to Tanning was time-barred and that entitlement to damages sought by Tropic was not properly established. The arbitrators found each party should pay their own attorney’s fees.
Both parties agreed that the trial court should confirm the arbitration award insofar as the debt and damages were concerned, but Tropic urged the court to reject that portion of the award that failed to award attorney’s fees to Tropic as the prevailing party. The trial court agreed and vacated that portion of the arbitration award. We reverse.
*1091 Section 684.25, Florida Statutes, provides that an arbitration award shall not be vacated (insofar as is important to this ease) unless the “award was obtained by corruption, fraud, or undue influence or is contrary to the public policy of the United States or of this state.” Section 684.25(3).
Tropic attempts to bring this case within the statute by urging that the arbitrators’ refusal to award prevailing party attorney’s fees is contrary to Florida public policy. While it is possible that under existing Florida law a trial court would have found Tropic the prevailing party and awarded it attorney’s fees, this was an action voluntarily submitted to arbitration. This result is not a violation of our public policy. It is, at most, an application of the law contrary to how a court, under similar facts and issues, might have applied it.
We are admonished to confirm or vacate such arbitration awards “without regard to the law of the place of arbitration, the law governing the award, or whether a court of law or equity would apply the law or deci-sional principles applied by the arbitral tribunal or would grant the relief provided for in the award.” Section 628.24(1), Florida Statutes.
We find no lawful basis not to confirm the arbitration award in total, and reverse and remand for that purpose.
REVERSED and REMANDED.
DAUKSCH and GRIFFIN, JJ., concur.